UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GARY A.,                             )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. 1:17-cv-04539-TAB-TWP
                                     )
NANCY A. BERRYHILL,                  )
                                     )
                Defendant.           )

**ORDER ON PLAINTIFF'S MOTION IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Gary A. appeals the Social Security Administration's denial of his application

for disability benefits.  The primary issue on appeal is whether the ALJ erred in attributing a May

2016 medical opinion solely to Dr. Jennifer Reed, a medical resident.  Dr. Reed printed and

signed her name on the opinion.  As discussed below, Dr. Michael Wilson added his name stamp

to the opinion, and may have signed it.  The ALJ did not attribute any part of the medical opinion

to Dr. Wilson or articulate her reasons for solely attributing it to Dr. Reed.  Therefore, the Court

grants Plaintiff's request for remand so the ALJ can further determine to whom the medical

opinion should be attributed and at least minimally articulate her findings.  [Filing No. 17.]

**II.     Background**

In evaluating Plaintiff's claim, the ALJ used the SSA's five-step sequential evaluation

process.  *See* 20 C.F.R. § 404.1520(a) (explaining the five-step process).  At step one, the ALJ

determined that Plaintiff had not engaged in substantially gainful employment during the

eligibility period.  At step two, the ALJ determined that Plaintiff is severely impaired with

cervical and lumbar degenerative disc disease, osteoarthritis of the cervical spine, and

hypertension. However, at step three, the ALJ determined that Plaintiff's combination of impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Therefore, the ALJ determined that Plaintiff is not presumptively disabled. The ALJ continued by calculating Plaintiff's residual functional capacity. At steps four and five, the ALJ determined that based on his RFC, age, education, and work experience, Plaintiff is unable to perform his past relevant work, but he can perform jobs that exist in significant numbers in the national economy. In evaluating Plaintiff's claim, the ALJ relied on an RFC questionnaire and the resulting medical opinion. The ALJ attributed this opinion solely to Dr. Reed.

## III. Discussion

Plaintiff argues that the ALJ erred in attributing the May 2016 RFC medical opinion solely to Dr. Reed. In support, he contends that the opinion was cosigned by Dr. Wilson, who then used a name stamp to add his printed name and contact information. Plaintiff further points out that he told the ALJ at the administrative hearing that Dr. Wilson filled out the RFC questionnaire. Plaintiff contends that this error equates to a failure to consider Dr. Wilson's opinion. Further, Plaintiff argues that Dr. Wilson is his treating physician and should have been afforded controlling weight, or alternatively, that the ALJ should have analyzed the 20 C.F.R. § 404.1527(c) regulatory factors to determine the weight that Dr. Wilson's opinion should carry relative to other medical sources.

The Deputy Commissioner counters that Dr. Reed signed the RFC questionnaire by hand and that Dr. Wilson only stamped it. Further, the Deputy Commissioner points out that Dr. Wilson's stamp is not a reproduction of his signature but merely displays his name, facility, and contact information. The Deputy Commissioner relies on *Avila v. Rubin*, 84 F.3d 222, 228 (7th

Cir. 1996), to argue that a stamp is not sufficient for the ALJ to conclude that the opinion was authored by Dr. Wilson. However, *Avila* contemplated a signature stamp placed on mass-produced collection letters. *Id.* at 225. *Avila* is not analogous to highly personal medical opinions authored for the sole purpose a single patient. The Deputy Commissioner also cites to *Alphine State Bank v. Ohio Cas. Ins. Co.*, 941 F.2d 554, 560 (7th Cir. 1994), to argue that a stamp does not constitute a signature. However, in *Alphine*, the Seventh Circuit merely held that the lower court erred by straying "beyond the definition contained in the bond" and "definitions contained within [policies] are controlling." *Id.* A bond policy with its own definition of a signature is not analogous to Social Security claims. Furthermore, Plaintiff replies that by "cosign" he means that Dr. Wilson hand-signed the medical opinion and that he merely used the name stamp in lieu of printing his name. [Filing No. 26, at ECF p. 1-2.] Plaintiff points out that the two signatures are separated by a "slash" and the second signature, though illegible, should have been attributed to Dr. Wilson. [*Id.*]

The only Social Security regulation that contemplates name stamps is in the context of consultative examinations. It states, "[a] rubber stamp signature of a medical source or the medical source's signature entered by any other person is not acceptable." 20 C.F.R. § 404.1519n(e). But the medical opinion at issue in this case is not a consultative examination, which the SSA regulation defines as an examination ordered and funded by the SSA if they cannot get the information needed from the claimant's own medical sources. 20 C.F.R. § 404.1519a. These examinations may be utilized by the SSA when they are necessary to "resolve any inconsistency in the evidence, or when the evidence as a whole is insufficient . . . ." *Id.* A medical opinion authored by a claimant's physician does not fall within this definition.

ALJs have a duty to develop the record by investigating the facts and developing arguments for and against granting benefits because "Social Security proceedings are inquisitional rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (four-Justice plurality adopting this proposition); *Moore v. Comm'r of Soc. Sec.*, No. 08-2018, 2009 U.S. Dist. LEXIS 127469, at *37-38 (C.D. Ill. Feb. 3, 2009) (following *Sims*, 530 U.S. at 110-11). Furthermore, ALJs are required to confront the evidence in front of them, especially the evidence that does not support their conclusion, and "explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Once this duty is fulfilled, ALJs must "minimally articulate" their findings so the reviewing court can follow the path in their reasoning. *See Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

The ALJ erred in her duty to develop the record by failing to discern whose opinion she analyzed. In her discussion of the May 2016 medical opinion, the ALJ makes no reference to Dr. Wilson's name stamp or the illegible signature that might be reasonably attributable to him. [Filing No. 9-2, at ECF p. 16, R. at 15.] Instead, she attributed the opinion solely to Dr. Reed, a resident at Dr. Wilson's facility. [*Id.*] But the stamp and signature are not hidden and the ALJ should have seen them. [*See* Filing No. 9-8, at ECF p. 65, R. at 367.] The stamp clearly indicates Dr. Wilson's name, status as a medical doctor and Ph.D., address of the facility, and telephone number. [*Id.*] Furthermore, Dr. Reed's signature is followed by a slash and another signature. [*Id.*] There is no indication that the ALJ attempted to determine to whom the other signature belonged. Of particular note, Plaintiff testified at the administrative hearing, and the ALJ recognized, that Dr. Wilson worked with Plaintiff to fill out the RFC questionnaire that resulted in the May 2016 medical opinion. Also, the ALJ referred to Dr. Wilson as the "claimant's primary physician," [Filing No. 9-2, at ECF p. 16, R. at 15], so the ALJ knew the

importance of Dr. Wilson's perspective. Seeing his name stamp should have prompted the ALJ to investigate further.

The ALJ erred by not investigating to whom the May 2016 medical opinion should be attributed because she knew who Dr. Wilson was, how important treating physicians are to Social Security claims, the conspicuous nature of the stamp, and recognized at the hearing that Dr. Wilson worked on the medical opinion in question. Furthermore, whether or not the ALJ fulfilled this requirement, she had a duty to minimally articulate her findings so that, on review, this Court can follow the path of her reasoning. However, there is no indication in the ALJ's decision that she properly investigated the source of the medical opinion or articulated the results of her findings. Thus, the ALJ failed in her duty to develop the record.[1]

The ALJ's error was harmful. The harmful error doctrine asks whether the ALJ might have reached a different conclusion if she had fulfilled her duty. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). An error is harmless if the Court can predict "with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record," even though the ALJ's decision contained error. *Id.* In the present case, the ALJ could have assigned the May 2016 medical opinion controlling weight if she attributed it to Dr. Wilson. Alternatively, the ALJ would have at least examined the 20 C.F.R. § 404.1527(c) regulatory factors to determine what weight to afford the opinion, which could have resulted in a finding of disability. Therefore, the ALJ's error was harmful because the

---

[1] The Court takes no position regarding the source of the medical opinion or whether Dr. Wilson's name stamp would be sufficient without the signature. Instead, the Court remands to ensure the ALJ has satisfied her duty to determine facts and articulate her findings so this Court can fulfill its duty to provide effective judicial review.

Court cannot predict with great confidence that the ALJ will reinstate her decision even after repairing the error.

Plaintiff also argues that Dr. Wilson's opinion should be assigned controlling weight, or alternatively, that the ALJ failed to weigh the relevant regulatory factors. Further, Plaintiff argues that the ALJ's credibility assessment of his testimony is patently erroneous. The Court declines to address these arguments at this time because the ALJ's decision was based largely on a potentially incorrect attribution of the above-discussed medical opinion. Before the Court can offer effective judicial review, the ALJ must correct the error and supply her reasoning.

## IV. Conclusion

For these reasons, the Court grants Plaintiff's request for remand [Filing No. 17] pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and consideration consistent with this opinion.

Date: 7/24/2018

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.